UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STACEY BADON on behalf of herself and all those similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BERRY'S RELIABLE RESOURCES, LLC AND RHONDA WILLIAMS,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 19-12317<br><br>SECTION: D<br>JUDGE WENDY B. VITTER<br><br>MAGISTRATE: 3<br>DANA M. DOUGLAS |

## REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF THE FLSA COLLECTIVE ACTION CLASS

NOW INTO COURT through undersigned counsel comes Plaintiff, Stacey Badon, who submit the following Reply Brief in further support of her motion to conditionally certify the proposed FLSA Collective Action Class. In their opposition, Defendants argue that the class should not be certified because they claim that Ms. Badon and similarly situated home health care workers are "independent contractors." Defendants' argument is misplaced. First, this argument gets to the merits of the instant claims, which is inappropriate to consider on a motion for conditional class certification. Second, even if an opposition to a motion for conditional class certification were the proper place for this argument – which it is not – Defendants' argument fails because the issue of whether or not Plaintiff and similarly situated home health care workers were independent contractors or employees is the central issue in this matter. The litigation of that issue on a class-wide basis is precisely what the FLSA's collective action provisions are designed to achieve. Accordingly, conditional certification of the proposed FLSA Collective Action class is appropriate.

**A.     This Court Should Not Consider Merits-Based Arguments When Deciding Whether Conditional Certification is Appropriate**

Defendants attempt to argue that conditional certification is inappropriate because Plaintiffs cannot prevail on their claims due to their (mis)classification as independent contractors and not employees.  This argument is not only false, but inappropriate to raise at the conditional certification stage of these proceedings.  "Neither stage of certification is an opportunity for the Court to assess the merits of the FLSA claims themselves by deciding factual disputes or making credibility determinations." *McKnight v. D. Houston Inc.* 756 F.Supp.2d 794, 802 (SDTex. 11/18/2010). The only relevant inquiry is whether Plaintiffs were subject to Defendant's uniform policies and practices and, hence, are "similarly situated." *Mooney v. Aramco Servs Co.*, 54 F.3d 1207, 1213-14 (5th Cit. 1995). Defendants do not offer any evidence to suggest that the Plaintiffs and proposed putative class plaintiffs are not similarly situated.

**B.     Conditional Certification is Appropriate to Address Whether Plaintiff and the FLSA Collective Action Plaintiffs Were Misclassified as Independent Contractors**

If anything, Defendants' argument supports Plaintiff's efforts to litigate this matter as a collective action.  Defendants' defense in this case appears to be that Plaintiff and other home health care workers were properly classified as independent contractors.  Under the FLSA, whether or not a category of worker falls within the definition of employee is dependent not upon what the defendant employer wishes to categorize them as, but the degree of control that employer exercised over the employee.  *Bartels v. Birmingham*, 332 U.S.126, 130 (1947).  The crux of the analysis is whether the worker is "economically dependent on the business to which he renders service or is, as a matter of economic [reality], in business for himself." *Id.*  The determination of an employment relationship

"does not depend on . . . isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730, (1947).  An employer's categorization of an employee as an independent contractor is of no merit to the question of whether that worker is actually an independent contractor under the law.  *See Tony and Susan Alamo Foundation v. Sec'y of Labor*, 471 U.S. 290 (1985).

The determination of whether a single category of workers doing similar work for a single employer falls within the definition of an employee is precisely the type of litigation that the FLSA's collective action procedure were designed streamline.  Indeed, questions of whether employees have been misclassified as independent contractors are often conditionally certified.  "[M]any courts have granted conditional certification in FLSA cases involving disputes over whether workers were misclassified as independent contractors." *Walker v. Honghua America, LLC*, 870. F. Supp. 2d 462, 470 (SD Tex. May 7, 2012); *see also Ruffin v. Entertainment of the Eastern Panhandle,* No. 3:11-CV-19, 2012 WL 761659, at *5 (N.D.W.Va. March 7, 2012); *Lang v. DirecTV, Inc.,* No. 10-1085 "G"(1), 2011 WL 6934607 (E.D.La. Dec. 30, 2011); *Perez v. Comcast,* No. 10 C 1127, 2011 WL 5979769 (N.D.Ill. Nov. 29, 2011); *Guifu Li v. A Perfect Franchise, Inc.,* No. 5:10-CV-01189-LHK, 2011 WL 4635198 (N.D.Cal. Oct. 5, 2011); *Scovil v. FedEx Ground Package System, Inc.,* 811 F.Supp.2d 516 (D.Me.2011); *Johnson v. ECT Contracting, LLC,* No. 3:09-0130, 2010 WL 625390 (M.D.Tenn. Feb. 18, 2010).

There is no question that Plaintiff and other home health care workers are similarly situated. They all did the same job under the same conditions for the same employer.  No evidence has been presented that there exist individualized issues that would preclude making the determination of whether the degree of control Defendants exercised over them

means they are employees under the FLSA on a class-wide basis. Thus, certification is appropriate.

## Conclusion

Defendants have set forth no basis on which this Court should deny Plaintiff's Motion for Conditional Class Certification. Accordingly, Plaintiff's motion should be granted.

Respectfully submitted,

*/s/ Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
  mjackson@jackson-law.net
Attorneys for Plaintiff and the FLSA Collective Action Plaintiffs