## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STACEY BADON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12317** |
| **BERRY'S RELIABLE RESOURCES, LLC, ET AL.** | **SECTION D (3)** |

## ORDER

Before the Court is Plaintiff Stacey Badon's Motion to Conditionally Certify FLSA Collective Action and to Facilitate Notice under 29 U.S.C. § 216(b).[1] The Motion is opposed,[2] and Plaintiff has filed a Reply.[3] After careful review of the Motion, the parties' briefs, and the applicable law, the Court **GRANTS** the motion.

### I.     FACTUAL BACKGROUND

This case involves a wage dispute. Plaintiff Stacey Badon began working for Defendant Berry's Reliable Resources, a home health caregiver, in 2016.[4] Plaintiff alleges she was paid an hourly wage of $8.00.[5] Plaintiff further alleges that she worked fifty-six hours per week performing services for Defendants' clients but was never paid overtime for the hours she worked in excess of forty hours per week.[6] Plaintiff filed this suit on August 27, 2019, alleging she had been underpaid under

---

[1] R. Doc. 9.
[2] R. Doc. 10.
[3] R. Doc. 14.
[4] R. Doc. 1 at 7 ¶ 31.
[5] *Id.* at 7 ¶ 33.
[6] *Id.* at 7 ¶¶ 34-35.

the Fair Labor Standard Act.[7]  Badon's Complaint alleges a collective action pursuant

to 29 U.S.C. § 216(b) on behalf of all persons since August 2016 who worked for

Defendants and were not paid overtime.[8]

Plaintiff now moves to conditionally certify an FLSA collective action.[9]

Specifically, Plaintiff seeks to certify a class of:

> All persons employed by Defendants since February 2017
> who were paid on an hourly basis but were not paid at an
> overtime rate of one and one-half times their hourly rate of
> pay for each hour worked in excess of 40 per week in
> violation of the Fair Labor Standards Act, 29 U.S.C. 201, *et
> seq.*, due to Defendants' deliberate and willful refusal to
> pay overtime that was owed under the FLSA.[10]

Badon argues that her alleged experience of being underpaid by Defendants

was not unique, and that a conditional certification of a representative class in this

FLSA action is therefore appropriate.   Plaintiff further argues that she can

demonstrate that members of the FLSA collective class were subject to a single

decision, policy, or plan, because Defendants maintained common misclassification,

scheduling, and compensation policies.   Plaintiff notes that the standard for

conditional certification at this stage is lenient.

Defendants oppose the Motion for conditional certification of a collective

action.[11]  They argue that Badon was a subcontractor, and therefore the FLSA does

not apply in this matter.  They further argue that Plaintiff has not shown that other

---

[7] *See generally id.*

[8] *Id.* at 4-7 ¶¶ 22-30.

[9] R. Doc. 9.

[10] R. Doc. 9-1 at 2.

[11] R. Doc. 10.

subcontractors are similarly situated, or that they are subject to the same hourly wage practice as Plaintiff. In her Reply,[12] Badon retorts that Defendants' arguments go to the merits of the claim, which she contends is not appropriate at this initial certification stage. Plaintiff further argues that the issue of whether Defendants were misclassifying employees as subcontractors is appropriate to litigate as a class-wide issue.

## II. LEGAL STANDARD

The FLSA permits employees to sue an employer for FLSA violations as a collective action on behalf of themselves and "other employees similarly situated."[13] "Congress's purpose in authorizing § 216(b) actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer."[14] A collective action under § 216(b) binds only those employees who affirmatively "opt-in" to the suit. The statute states: "No employee shall be a party to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which the action is brought."[15] A district court has broad discretion in deciding whether to grant or deny certification and broad authority over notice in order to prevent the misuse of such actions.[16]

---

[12] R. Doc. 14.

[13] 29 U.S.C. § 216(b).

[14] *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 919 (5th Cir. 2008) (quoting *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003)).

[15] 29 U.S.C. § 216(b).

[16] *See Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

There are two approaches to class certification under 28 U.S.C. § 216(b):  The two-stage class certification approach outlined in *Lusardi v. Xerox Corp.*, 116 F.R.D. 351 (D.N.J. 1987), and the Spurious Class Action approach outlined in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990).[17]  The *Lusardi* approach, which Plaintiff argues should be applied, is the approach commonly applied in the Eastern District of Louisiana.[18]  The Court therefore proceeds under the two-stage certification approach of *Lusardi*.

The first stage of the *Lusardi* approach, which is at issue here, is known as the "notice" stage.[19]  At this stage, the Court makes a determination whether to "conditionally" certify the collective action and authorize notice to potential class members.[20]  The certification is only "conditional" because at the second stage of the *Lusardi* approach, the "merits" stage, the Court may decertify the collective action if there is a showing that the case is not appropriate for consideration as a collective action.[21]

During the notice stage of the *Lusardi* approach, "the plaintiff bears the burden of presenting preliminary facts showing that a that a similarly situated group of potential plaintiffs exist."[22]  Moreover, "the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the

---

[17] *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (discussing both approaches).
[18] *See, e.g., Xaiver v. Belfor USA Grp.*, 585 F. Supp. 2d 873, 876 (E.D. La. 2008) (describing the *Lusardi* approach as the "preferred method"); *Lang v. DirecTV, Inc.*, No. 10-1085, 2011 WL 6934607, at *7 (E.D. La. Dec. 30, 2011) (noting that the *Lusardi* approach is the "more common" approach and is routinely used in the Eastern District of Louisiana).
[19] *Mooney,* 54 F.3d at 1213.
[20] *Id.* at 1213-14.
[21] *Id.* at 1214.
[22] *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995 (E.D. Tex. 2011).

putative class members were victims of a single decision, policy, or plan."[23]  The Court

must satisfy itself that that potential plaintiffs are similarly situated with respect to

their job requirements and pay provisions, but the plaintiff need not show that their

position is identical to potential plaintiffs, only similar.[24]

## III.   ANALYSIS

The issue before the Court is whether Plaintiff has put forth sufficient facts

that a group of similarly situated plaintiffs subject to a common "decision, policy, or

plan" exist such that conditional certification of a class of plaintiffs is appropriate.

Here, Plaintiff satisfies that lenient standard.  Plaintiff alleges that she worked more

than forty hours a week and was not paid overtime.[25]  In an affidavit attached to her

Motion, Plaintiff states that she is personally aware that Defendants scheduled other

home healthcare workers to work an excess of forty hours per week and did not pay

them overtime for any hours worked in excess of forty hours per week.[26]  She also

states in her affidavit that Defendants controlled how, where when she performed

her job duties, and that she received her schedule from Defendants.[27]  Moreover,

Plaintiff attaches the affidavit of Anthony Badon, who states that he also worked for

Defendants and was not paid overtime for his work.[28]  Like Plaintiff, he states that

he is personally aware of other healthcare workers to work an excess of forty hours

per week and who were not paid overtime for any hours worked in excess of forty

---

[23] *Id.*
[24] *Id.*
[25] R. Doc. 1 at 34-35; R. Doc. 9-2 at 1-2 ¶¶ 7-8.
[26] R. Doc. 9-2 at 2 ¶ 9.
[27] *Id.* at 2 ¶¶ 11, 13.
[28] *See* R. Doc. 9-3.

hours per week.[29]  These allegations, as supported by the affidavits, are sufficient to meet the "lenient" standard at the notice stage of the *Lusardi* approach. The similarities alleged by Plaintiff and an additional potential plaintiff demonstrate there is a class of similarly situated plaintiffs.  Moreover, the control Plaintiff alleges that the Defendants had over this class of employees, and the similar failure to pay these employees overtime, suggests that the purported plaintiffs are part of a common decision, policy, or plan.

Defendants oppose conditional certification on two grounds.  First, they argue that Plaintiff is a subcontractor, and therefore not subject to the FLSA.  But as Plaintiff points out, this is an argument that goes to the merits of the claim and is not proper for consideration at the "notice" stage of conditional certification.[30]  Indeed, "[m]any courts have granted conditional certification in FLSA cases involving disputes over whether workers were misclassified as independent contractors."[31]

Second, Defendants argue that Plaintiff has not demonstrated that potential members of the class are similarly situated, and that class definition is too broad. But Plaintiff has put forth evidence of other healthcare workers who worked for Defendants on an hourly basis and were not paid overtime, and identified by name at least one other member of the class.  Moreover, this argument fails in light of the

---

[29] *Id.* at 2 ¶ 9.

[30] *See, e.g., Jones v. JGC Dallas LLC*, No. 11-2743, 2012 WL 6928101, at \*4 (N.D. Tex. Nov. 29, 2012) (rejecting the argument that conditional certification was not appropriate because plaintiffs had not demonstrated an employer/employee relationship as "[t]his is a merits-based argument, and courts are not to engage in merits-based analysis at the notice stage of a collective action."); *Gonzalez v. Tier One Sec.*, No. 12-806, 2013 WL 1455587, at \*2 (W.D. Tex. Apr. 8, 2013) ("Defendants' argument that their classification of [plaintiff's] as independent contractors (and not employees) wholly dictates that conditional certification is inappropriate is without merit.").

[31] *Walker v. Honghua America, LLC*, 870 F. Supp. 2d 462, 470 (S.D. Tex. 2012).

lenient standard under *Lusardi* at the notice stage of conditional certification. "The court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated."[32]   Indeed, courts have certified conditional classes of plaintiffs in similar circumstances.[33]   Defendants may raise these arguments at the second stage of the *Lusardi* approach, during which they may move to decertify the conditionally certified class.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Stacey Badon's Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice is **GRANTED**;

**IT IS FURTHER ORDERED** that the Collective Action is hereby conditionally certified, and the class is defined as:

> All persons employed by Defendants since February 2017 who were paid on an hourly basis but were not paid at an overtime rate of one and one-half times their hourly rate of pay for each hour worked in excess of 40 per week in violation of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, due to Defendants' deliberate and willful refusal to pay overtime that was owed under the FLSA.

**IT IS FURTHER ORDERED** that the proposed Notice and Opt-In Forms are hereby approved;

**IT IS FURTHER ORDERED** that Defendants must provide a list of all the last former known addresses, email addresses and telephone numbers of all current

---

[32] *Watson v. Travis Software Corp.*, No. 2008 WL 5068806, at *5 (S.D. Tex. Nov. 21, 2008).
[33] *See, e.g., Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995 (E.D. Tex. 2011); *Lang v. DirecTV, Inc.*, No. 10-1085, 2011 WL 6934607, at *7 (E.D. La. Dec. 30, 2011).

or former employees who may be members of the collective class to counsel for Plaintiff within 14 days of the date of this Order.

**IT IS FURTHER ORDERED** that all Opt-In Forms must be filed on the record within 120 days of the date of this Order.

New Orleans, Louisiana, September 3, 2020.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**