UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STACEY BADON | CIVIL ACTION |
| VERSUS | NO. 19-12317 c/w 20-584 |
| BERRY'S RELIABLE RESOURCES, LLC, ET AL. | SECTION D (3) |

THIS ORDER RELATES TO CASE NO. 19-12317

ORDER

Before the Court is Defendants' "Objection to Magistrate's Order"[1] which the Court construes as a Motion for Review of the Magistrate Judge's Order. The Motion is opposed,[2] and Defendants have filed a Reply.[3] After careful review of the Magistrate Judge's Order,[4] the Motion, the parties' briefs, and the applicable law, the Court denies the Motion.

I. FACTUAL BACKGROUND

This case involves a wage dispute. Plaintiff Stacey Badon[5] began working for Defendant Berry's Reliable Resources, a home health caregiver, in 2016.[6] Plaintiff alleges she was paid an hourly wage of $8.00.[7] Plaintiff further alleges that she worked fifty-six hours per week performing services for Defendants' clients but was

---

[1] R. Doc. 70.
[2] R. Doc. 79.
[3] R. Doc. 93.
[4] R. Doc. 64.
[5] Although this matter is currently a conditionally certified collective action, the relevant discovery related only to the original Plaintiff, Stacey Badon. Accordingly, the Court addresses only that Plaintiff in this Order.
[6] R. Doc. 1 at 7 ¶ 31.
[7] *Id.* at 7 ¶ 33.

never paid overtime for the hours she worked in excess of forty hours per week.[8] Plaintiff filed this suit on August 27, 2019, alleging she had been underpaid under the Fair Labor Standard Act.[9] Badon's Complaint alleges a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons since August 2016 who worked for Defendants and were not paid overtime.[10] This Court conditionally certified the collective action on September 3, 2020.[11]

Defendants moved to compel responses to Defendants' Interrogatories Nos. 1, 3, 4, 9, 10, and 11, as well as to compel production of documents in response to Defendants' Request for Production Nos. 2, 4, 6-11, 14-17, 26, and 29.[12] Plaintiff opposed Defendants' Motion to Compel.[13] As relevant here, those interrogatories and requests for production primarily relate to Plaintiff's tax returns, information concerning prior employment, and documents from the Department of Hospital and Health, Long Term Care, or Department of Labor.[14] After considering Defendants' Motion and Plaintiff's Opposition, Magistrate Judge Douglas issued an order denying Defendants' Motion.[15] The Magistrate Judge found that Defendants failed to demonstrate that the discovery sought was relevant to this litigation or proportional to the needs to the case. The Magistrate Judge also found that Plaintiff did not have

---

[8] *Id.* at 7 ¶¶ 34-35.
[9] *See generally id.*
[10] *Id.* at 4-7 ¶¶ 22-30.
[11] R. Doc. 37
[12] R. Doc. 33.
[13] R. Doc. 39.
[14] *See* R. Doc. 33-5. Although some of the interrogatories and requests for production fall outside of these categories, Defendants make no argument beyond the categories enumerated here. Moreover, Defendants have not demonstrated what specific information they seek, or how Plaintiff's responses were deficient.
[15] R. Doc. 64.

documents from Departments of Health, Hospitals, or Long-Term Care or the Department of Labor in their possession.

Defendants have appealed the Magistrate Judge's order denying their Motion to Compel.[16]  They argue that the discovery they seek is relevant and proportional to the needs of the case.  Badon has filed an Opposition[17] in which she argues that the information that Defendants seeks is irrelevant and that she has no documents from the Department of Labor, Department of Health, Hospitals, and/or Long Term Care that are relevant to this litigation.  Defendants have filed a Reply[18] in which they largely reiterate arguments regarding Badon's tax returns made in their opening Motion.  Defendants also seem to seek the deposition of Georgia Badon in their Reply.

## II.   LEGAL STANDARD

A magistrate judge has broad discretion in resolving non-dispositive discovery disputes.[19]  When a party appeals a magistrate judge's ruling, the district court judge must review the ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to the law."[20]  Under this clearly erroneous standard, a magistrate judge's ruling "should not be rejected merely because the court would have decided the matter differently."[21]  Indeed, the decision must be affirmed unless "on

---

[16] R. Doc. 70.
[17] R. Doc. 79.
[18] R. Doc. 93.
[19] *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).
[20] Fed. R. Civ. P. 72(a).
[21] *United States v. Bollinger Shipyards, Inc.*, No. 12-920, 2015 WL 13529562 (E.D. La. Apr. 13, 2015) (citing *Ordermann v. Unidentified Party*, No. 06-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008)).

the entire record [the Court] is left with a definite and firm conviction that a mistake has been committed."[22]

### III. ANALYSIS

Defendants' Motion is denied. In short, Defendants have offered no persuasive argument for the relevance of the discovery they seek. Many of the arguments are conclusory and fail to address the logic of the Magistrate Judge's Order. For example, the sole case Defendants rely on to argue that Badon's tax returns are relevant, *F.D.I.C. v. LeGrand*,[23] is irrelevant here. That case dealt with the relevance of tax returns post-judgment when a judgment creditor seeks to discover assets on which it may execute its judgment. The Fifth Circuit's holding that tax returns may be relevant *post*-judgment has nothing to do with the current posture of this case. The Court further notes that Defendants' arguments seeking Georgia Badon's deposition—raised for the first time in Defendants' Reply—are not properly before the Court. Georgia Badon's deposition was not requested in the discovery at issue, and it is the subject of a separate Motion to Compel that is currently pending before the Magistrate Judge.[24] Further, even were the Court to disagree with the Magistrate Judge—and it does not as the Court is fully satisfied that the order is proper—it could not set aside the Magistrate Judge's order unless it determined it to be clearly erroneous. Defendants have not carried their burden of demonstrating that

---

[22] *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).
[23] 43 F.3d 163 (5th Cir. 1995).
[24] *See* R. Doc. 73.

the Magistrate Judge's Order was clearly erroneous. Accordingly, Defendants' Motion must be denied.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion is **DENIED**.

New Orleans, Louisiana, March 10, 2021

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**