UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STACEY BADON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12317 c/w 20-584** |
| **BERRY'S RELIABLE RESOURCES, LLC, ET AL.** | **SECTION D (3)** |

**THIS ORDER RELATES TO ALL CASES**

**ORDER**

Before the Court is Defendants' Motion to Continue the Discovery Deadline.[1] Plaintiffs have filed an Opposition.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

This case involves a wage dispute. According to the Complaint, Plaintiff Stacey Badon began working for Defendant Berry's Reliable Resources, a home health caregiver, in 2016.[3] Plaintiff alleges she was paid an hourly wage of $8.00.[4] Plaintiff further alleges that she worked fifty-six hours per week performing services for Defendants' clients but was never paid overtime for the hours she worked in excess of forty hours per week.[5] Plaintiff filed this suit on August 27, 2019, alleging she had been underpaid under the Fair Labor Standard Act.[6] Badon's Complaint alleges a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons since August

---

[1] R. Doc. 108.
[2] R. Doc. 114.
[3] R. Doc. 1 at 7 ¶ 31.
[4] *Id.* at 7 ¶ 33.
[5] *Id.* at 7 ¶¶ 34-35.
[6] *See generally id.*

2016 who worked for Defendants and were not paid overtime.[7] Anthony Badon filed a similar Complaint,[8] and his case was consolidated with Stacey Badon's.[9] This Court later certified a collective action.[10]

The Court's Scheduling Order provides: "Depositions for trial use shall be taken and all discovery shall be completed no later than **March 15, 2021**."[11] Defendants move to continue the discovery deadline, arguing that two depositions remain to be taken, that Defendants require additional information from Plaintiffs, and that Defendants "discovered information incredibly important to this matter during Plaintiff's [Anthony Badon's] deposition."[12] Plaintiffs oppose the Motion,[13] arguing that Defendants have failed to demonstrate good cause for an extension of the discovery deadline, that Plaintiffs have provided discovery as required, and that Plaintiffs will be prejudiced by any continuance.

Federal Rule of Civil Procedure 16(b)(4) provides that a Scheduling Order "may be modified only for good cause and with the judge's consent."[14] According to the Fifth Circuit, "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[15] In determining whether the movant has met its burden of proving

---

[7] *Id.* at 4-7 ¶¶ 22-30.
[8] Docket No. 20-584, R. Doc. 1.
[9] R. Doc. 47.
[10] R. Doc. 105.
[11] R. Doc. 49 at 2 (emphasis in original).
[12] R. Doc. 108.
[13] R. Doc. 114.
[14] Fed. R. Civ. P. 16(b)(4).
[15] *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (*quoting* 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

"good cause" under Rule 16(b)(4), this Court must consider four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice.[16] A district court has broad discretion to control pretrial deadlines.[17]

As to the first factor, Defendants have failed to demonstrate good cause for an extension of the discovery deadline. Defendants cite that they "discovered information incredibly important to this matter during [Anthony Badon's] deposition."[18] Defendants seem to suggest that this information is that "Anthony Badon indicated that he had been working with more that [sic] one consumer and provider while working for Berry's Reliable Resources, LLC."[19] Defendants waited until just before the end of the discovery deadline to take Anthony Badon's deposition, and fail to explain why any information learned during that deposition requires an extension of the discovery deadline. Defendants also argue that the depositions of Georgia Badon and Bennie Ratcliff are outstanding. Defendants acknowledge that they failed to perfect service on Georgia Badon and fail to explain why they could not take Bennie Ratcliff's deposition before the discovery cutoff. Defendants argue that "Plaintiffs' counsel has not provided complete discovery answers"[20] and that "Defendants' need additional information in possession of Plaintiff"[21] but do not

---

[16] *Cartier v. Egana of Switzerland (America Corp.)*, Civ. A. No. 3:08-CV-0001-D, 2009 WL 614820, at *3 (N.D. Tex. Mar. 11, 2009) (citing *S&W Enterprises, L.L.C.*, 315 F.3d at 536).
[17] *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990).
[18] R. Doc. 108-1.
[19] *Id.*
[20] *Id.* at 2.
[21] *Id.*

explain what discovery remains outstanding from Plaintiffs or what additional information is needed from Plaintiffs and Plaintiffs advise that they have complied with all discovery orders. In sum, the Court finds no merit to the scant explanations offered by Defendants for the need for a continuance of the discovery deadline. This reason alone merits denial of Defendants' Motion.

The other factors under Rule 16(b)(4) also weigh against a continuance. Defendants have not demonstrated the importance of the additional discovery they seek. Additional delay in this trial, particularly so that Defendants may engage in somewhat open-ended discovery, will serve to prejudice Plaintiffs. Further, a continuance will not serve to remedy that prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion is **DENIED**.

New Orleans, Louisiana, March 25, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**