## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STACEY BADON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12317 c/w 20-584** |
| **BERRY'S RELIABLE RESOURCES, LLC, ET AL.** | **SECTION D (3)** |

### THIS ORDER RELATES TO ALL CASES

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Summary Judgment.[1] The Motion is opposed,[2] and Plaintiffs have filed a Reply.[3] Before the Court is also Defendants' Motion for Summary Judgment.[4] The Motion is similarly opposed,[5] and Defendants have filed a Reply.[6] After careful review of the Motions, the parties' briefs, and the applicable law, the Court denies both Motions.

### I. FACTUAL BACKGROUND

This case involves a wage dispute. According to the Complaint, Plaintiff Stacey Badon began working for Defendant Berry's Reliable Resources, a home health caregiver, in 2016.[7] Plaintiff alleges she was paid an hourly wage of $8.00.[8] Plaintiff further alleges that she worked fifty-six hours per week performing services for

---

[1] R. Doc. 110.
[2] R. Doc. 120.
[3] R. Doc. 128.
[4] R. Doc. 119.
[5] R. Doc. 125.
[6] R. Doc. 132.
[7] R. Doc. 1 at 7 ¶ 31.
[8] *Id.* at 7 ¶ 33.

Defendants' clients but was never paid overtime for the hours she worked in excess of forty hours per week.[9]  Stacey Badon filed this suit on August 27, 2019, alleging she had been underpaid under the Fair Labor Standard Act.[10]  Badon's Complaint alleges a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons since August 2016 who worked for Defendants and were not paid overtime.[11]  Anthony Badon filed a similar Complaint,[12] and his case was consolidated with Stacey Badon's.[13]  Both Plaintiffs also assert a claim under the Louisiana Wage Payment Act ("LWPA"), in which Plaintiffs allege that Defendants improperly deducted costs for workers compensation and failed to repay Plaintiffs after their termination.[14]

Earlier in this litigation, the Court certified an FLSA collective action.[15] After various opt-ins and withdrawals, the conditionally-certified collective action now consists of only six class members:  Stacey Badon, Anthony Badon, Deborah Ann Carson, Francine Dixon, Shena Day, and Tenika Benn.[16]

Defendants move for summary judgment[17] and oppose Plaintiffs' Motion for Summary Judgment.[18]  In their briefing, Defendants argue that that Plaintiffs were not engaged in interstate commerce, and therefore the FLSA does not apply. Defendants further argue that Plaintiffs' actions are untimely because the FLSA has

---

[9] *Id.* at 7 ¶¶ 34-35.
[10] *See generally id.*
[11] *Id.* at 4-7 ¶¶ 22-30.
[12] Docket No. 20-584, R. Doc. 1.
[13] R. Doc. 47.
[14] *See* R. Doc. 1 at 8-9; Docket No. 20-584, R. Doc. 5 at 6-7.
[15] 116 F.R.D. 351 (D.N.J. 1987).
[16] R. Docs. 55, 58, 59, 61, 88, and 94. The Court often uses the term "Plaintiffs" in this order to refer to the members of the FLSA collective action, including Opt-Ins.
[17] R. Doc. 119
[18] R. Doc. 120.

a two-year statute of limitations. Although Defendants acknowledge that the statute of limitations is extended when a defendant acted "willfully," Defendants argue that Plaintiff has failed to create an issue of material fact as to Defendants' willfulness.

Defendants further contend that under the economic realities test, Plaintiffs were not employees but rather independent contractors. Defendants argue this is particularly so because the named Plaintiff in the collective action signed a subcontractor agreement. Finally, Defendants claim that Plaintiffs' LWPA claims are meritless because Defendants offered each Plaintiff a final paycheck.

Plaintiffs also move for partial summary judgment,[19] and oppose Defendants' Motion.[20] In their briefing, Plaintiffs argue that they were engaged in interstate commerce and therefore are covered by the provisions of the FLSA. To this point, Plaintiffs also argue that because Barry's Reliable Resources was an employer with annual gross revenue above $500,000, Plaintiffs may invoke enterprise coverage. Plaintiffs further argue that they used medications, medical devices, and other items originally from outside Louisiana in their employment, and therefore Berry's Reliable Services is covered by the FLSA. Plaintiffs further contend that they have created an issue of material fact as to Defendants' "willfulness" and therefore dismissal on the grounds that their claims are untimely is improper.

Plaintiffs next argue that the evidence indisputably demonstrates that Plaintiffs are employees under the economic realities test, in particular due to the amount of control Defendants exercised over Plaintiffs' employment. Plaintiffs argue

---

[19] R. Doc. 110.
[20] R. Doc. 125.

that the subcontractor agreements are not dispositive of this issue as the economic realities test factors point in the opposite direction. Finally, Plaintiffs argue that Defendants misunderstand Plaintiffs' argument regarding their LWPA claims. Plaintiffs note this argument deals with the fact that Plaintiffs had Workers Compensation deducted from their paychecks which was never paid back.

## II. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[21] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[22] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[23] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[24]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[25] The

---

[21] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

[22] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).

[23] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).

[24] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248).

[25] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).

non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[26] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[27] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[28]

## III. ANALYSIS

### A. Coverage

A threshold issue the Court must address is whether Plaintiffs are covered by the FLSA. "Consistent with Congress's power to regulate interstate commerce, the FLSA mandates minimum wage and overtime compensation for employees who are (1) 'engaged in commerce or in the production of goods for commerce' (individual coverage) or (2) 'employed in an enterprise engaged in commerce or in the production of goods for commerce' (enterprise coverage)."[29] "*Either* individual *or* enterprise

---

[26] *Id.* at 1265.
[27] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[28] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).
[29] *Landeros v. Fu King, Inc.*, 12 F. Supp. 3d 1020, 1022 (S.D. Tex. 2014) (quoting 29 U.S.C. §§ 206(a); 207(a)).

coverage is enough to invoke FLSA protection."[30] Enterprise coverage requires that

the enterprise "(i) has employees engaged in the production of goods for commerce, or

that has employees handling, selling, or otherwise working on goods or materials that

have been moved in or produced for commerce by any person; and (ii) is an enterprise

whose annual gross volume of sales made or business done is not less than

$500,000."[31]

Here, Plaintiffs have provided evidence that the annual gross volume of

business done by Berry's Reliable Resources is above $500,000, and that evidence is

not disputed.[32] Accordingly, that prong is satisfied, and the only remaining question

is whether Berry's Reliable Resources' employees were "handling, selling, or

otherwise working on goods or materials that have been moved in or produced for

commerce by any person."[33] "[A]ny regular contact with commerce, no matter how

small, will result in coverage."[34] Courts have held that mere handling of goods or

materials that have traveled in interstate commerce creates enterprise coverage.[35]

Further, in a situation analogous to the one at issue here, a court has held that home

healthcare givers "regularly handle goods that have been moved in or produced in

commerce as part of their employment" and thus satisfy this prong with respect to

enterprise coverage.[36] Plaintiffs have provided undisputed evidence that they

---

[30] *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (emphasis in original).
[31] 29 U.S.C. § 203(s)(1).
[32] R. Doc. 110-10.
[33] *Id.*
[34] *Marshall v. Victoria Transp. Co., Inc.*, 603 F.2d 1122, 1124 (5th Cir. 1979).
[35] *See, e.g.*, *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220-21 (11th Cir. 2010).
[36] *Mata v. Caring For You Home Health, Inc.*, 94 F. Supp. 3d 867, 873 (S.D. Tex. 2015).

similarly handled goods that have moved within interstate commerce.[37]  Accordingly, the Court finds that Plaintiffs and Opt-Ins are subject to enterprise coverage, and thus, should they be determined to be employees, they fall within the scope of the FLSA.

## B.      Statute of Limitations

The next issue before the Court is whether Plaintiffs' claims are timely.  A FLSA violation is ordinarily subject to a two-year limitations period.[38]  However, if a plaintiff can demonstrate that the violation was willful, the limitations period is three years.[39]  A FLSA violation is willful when the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute."[40]  Stacey Badon's Complaint was filed on August 27, 2019.[41]  Stacey Badon worked for Defendants until December 2016.[42]  Accordingly, the Complaint was filed between two and three years after Badon completed her employment.  Whether the action was timely therefore turns on whether the FLSA violation was willful.

Here, Plaintiffs have demonstrated an issue of material fact exists as to whether Defendants' purported violation was willful.  As an initial matter, because this inquiry turns in part on Defendants' intent, summary judgment is not an ideal vehicle to resolve this dispute.[43]  Further, Plaintiffs have cited to testimony indicating

---

[37] R. Doc. 110-14.
[38] 29 U.S.C. § 255(a).
[39] *Id.*
[40] *Mohammadi v. Nwabuisi*, 605 F. App'x 329, 332 (5th Cir. 2015) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).
[41] *See* R. Doc. 1.
[42] R. Doc. 110-1 at 1 ¶ 5.
[43] *See, e.g., Pasco v. Knoblauch*, 223 F. App'x 319, 322 (5th Cir. 2007).

that Defendants previously classified their workers as employees, and changed the classification purportedly to save Defendants' costs associated with an employee classification, such as overtime pay.[44]  Because an issue of material fact exists as to Defendants' willfulness, summary judgment on this issue is denied.  The question of Defendants' willfulness is a proper question for the jury.  Indeed, a finding by the jury the that Defendants' actions were not willful will moot the remaining disputes between the parties.

### C.    Employee Status

Both parties move for summary judgment as to Plaintiffs' employment status. Defendants argue that Plaintiffs are independent contractors as a matter of law. Plaintiffs, on the other hand, argue that Plaintiffs and Opt-Ins were Defendants' employees as a matter of law.

To determine whether there is an employer-employee relationship, the Fifth Circuit utilizes the "economic realities" test.[45]  That test requires the Court to consider (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and alleged employer; (3) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of

---

[44] *See* R. Doc. 125-1 at 2-3 (Deposition of Celia Badon); R. Doc. 125-2 at 4 (Deposition of Raeon Williams).
[45] *Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012) (citations omitted).

the relationship.[46]   This test has been described as a "fact intensive inquiry."[47]

Importantly, the labels the parties assign to the relationship is not dispositive of the

inquiry.[48]   That said, explicit contractual arrangements may be evidence of an

employer-employee relationship or lack thereof.[49]

Here, both parties have cited to evidence that creates an issue of material fact

as to Plaintiffs' employment status.   Among other evidence, Plaintiffs cite to the

affidavits of Stacey and Anthony Badon to demonstrate the amount of control

Defendants exercised over Plaintiffs' work.[50]   This evidence favors a finding that

Plaintiffs and Opt-Ins were employees and precludes summary judgment in

Defendants' favor.   Defendants cite to a signed subcontractor agreement between

Defendants and the named Plaintiff in the FLSA collective action.[51]   Although these

agreements are not dispositive, they are some evidence of a non-employer/employee

relationship in Defendants' favor. Defendants also provide evidence that Plaintiff

Anthony Badon deducted business expenses of uniforms, cleaning, and malpractice

insurance on his tax returns.[52] Defendants assert that these business expenses

support a finding that the Plaintiffs were independent contractors rather than

---

[46] *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 327 (5th Cir. 1993); *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379-80 (5th Cir. 2019).   The Fifth Circuit has sometimes discussed different—but similar—factors in related contexts.   *See Williams v. Henagan*, 595 F.3d 610, 620 n.17 (5th Cir. 2010).

[47] *Seong Song v. JFE Franchising, Inc.*, 394 F. Supp. 3d 748, 755 (S.D. Tex. 2019).

[48] *See Coronado v. D. N.W. Houston, Inc.*, No. 13-2179, 2-14 WL 2779548, at *2 (S.D. Tex. June 19, 2014) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947)).

[49] *Imars v. Contractors v. Manufacturing Servs., Inc.*, 165 F.3d 27 (6th Cir. 1998) (citing *Robicheaux v. Radcliff Mat'l*, 697 F.2d 662, 665 (5th Cir. 1983)).

[50] *See* R. Doc. 110-1 at 2 ¶¶ 11-13 (Declaration of Stacey Badon); R. Doc. 110-2 at 2 ¶¶ 11-13.

[51] R. Doc. 119-8.

[52] R. Doc. 119-5.

employees, and preclude summary judgment in Plaintiffs' favor.  The Court agrees

that a genuine issue of material fact regarding whether the Plaintiffs were employees

or independent contractors remains in dispute.  Accordingly, summary judgement on

the issue of Plaintiffs' employment status is denied.

### D.    Louisiana Wage Payment Act Claims

Finally, Plaintiffs move for summary judgment on their claims under the

Louisiana Wage Payment Act, La. R.S. 23:631, *et seq*.   Plaintiffs argue that

Defendants' unlawfully deducted Worker's Compensation premiums from their

wages and failed to pay out these premiums upon discharge.  Defendants, seemingly

misunderstanding the nature of Plaintiffs' argument, argue that because Plaintiffs

received a final paycheck, their LWPA claims must fail.

As with the FLSA, the LWPA does not cover independent contractors,

although it does cover "any laborer or other employee."[53]  Louisiana courts look to the

following non-exclusive list of factors to determine whether an individual is an

employee or an independent contractor under the LWPA:

> (1) whether there is a valid contract between the parties;
> (2) whether the work being done is of an independent
> nature such that the contractor may employ nonexclusive
> means in accomplishing it; (3) whether the contract calls
> for specific piecework as a unit to be done according to the
> independent contractor's own methods, without being
> subject to the control and direction of the principal, except
> as to the result of the services to be rendered; (4) whether
> there is a specific price for the overall undertaking agreed
> upon; and (5) whether the duration of the work is for a
> specific   time   and   not   subject   to   termination   or

---

[53] *See Knapp v. The Management Co.*, 476 So. 2d 567, 568 (La. App. 3 Cir. 1985); *see also* La. R.S. 23:631(A).

discontinuance at the will of either side without a corresponding liability for its breach.[54]

For the same reasons summary judgment is inappropriate under the FLSA, it is inappropriate under the LWPA. In short, issues of material fact exist as to whether the LWPA covers Plaintiffs as employees. Plaintiffs cite to the affidavits of Stacey and Anthony Badon to demonstrate the amount of control Defendants exercised over Plaintiffs' work;[55] Defendants cite to a subcontractor agreement between Defendants and the named Plaintiff in the collective action.[56] Accordingly, summary judgment this issue must be denied.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that both parties' Motions are **DENIED**.

New Orleans, Louisiana, July 7, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[54] *Mendoza v. Essential Quality Const., Inc.*, 691 F. Supp. 2d 680, 686 (E.D. La. 2010) (citing *Gordon v. Hurlston*, 854 So. 2d 469, 472 (La. App. 3 Cir. 2003)).
[55] *See* R. Doc. 110-1 at 2 ¶¶ 11-13 (Declaration of Stacey Badon); R. Doc. 110-2 at 2 ¶¶ 11-13.
[56] R. Doc. 119-8.