UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STACEY BADON                                              CIVIL ACTION

VERSUS                                                    NO. 19-12317

BERRY'S RELIABLE RESOURCES, LLC                           SECTION "D" (3)
AND RHONDA WILLIAMS

REPORT AND RECOMMENDATION

Before the Court is a Motion to Award Liquidated Damages (Rec. Doc. No. 235) ("Motion") filed by Plaintiff, Stacey Badon, on behalf of herself and all those similarly situated (collectively "Plaintiffs"). Defendants have filed opposition. (Rec. Doc. No. 240). Plaintiffs have filed a reply. (Rec. Doc. No. 245). The District Court referred the motion for hearing, if necessary, and submission of findings and recommendations pursuant to 28 U.SC. 636(b)(1)(B). For the following reasons, **IT IS RECOMMENDED** that the Motion be **GRANTED,** and Plaintiffs be awarded liquidated damages as outlined below.

I.     BACKGROUND

This case involved a wage dispute. On August 27, 2019, Plaintiff Stacey Badon filed a complaint alleging she had been underpaid under the Fair Labor Standards Act ("FLSA"). (Rec. Doc. No. 1). The complaint alleged a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons since August 2016 who worked for Defendant Berry's Reliable Resources and were not paid overtime. *Id*. The matter culminated in three consolidated cases against Defendants asserting claims for unpaid wages pursuant to the FLSA and Louisiana's Final Wage Payment Act.

(Rec. Doc. No. 235). Plaintiffs Anthony Badon and Francine Dixon additionally asserted claims against Defendants for retaliation based on their efforts to assert their rights under the FLSA. *Id*.

On August 15, 2022, the case went to trial before a jury. (Rec. Doc. No. 224). On August 17, 2022, the jury returned a verdict in favor of Plaintiffs on all claims except for Anthony Badon's retaliation claim. (Rec. Doc. No. 228). Plaintiffs moved for liquidated damages, and the district court deferred the ruling, asking the parties to provide post-trial briefing. (Rec. Doc. No. 226, p. 2). The instant Motion and referral to the undersigned ensued.

## II.     LAW & ANALYSIS

Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Likewise, an employer who violates the provisions of 29 U.S.C. § 215(a)(3) regarding retaliation, "shall be liable for such legal or equitable relief…including without limitation employment, reinstatement, promotion, and the payment of wages lost and ***an additional equal amount as liquidated*** damages." *Id*. (emphasis added).

At one time, the liquidated damages assessment was mandatory. *Singer v. City of Waco, Tex.*, 324 F.3d 813, 822 (5th Cir. 2003) (citing *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998)). However, the district court can now decline to award such damages (or reduce the amount) if the court concludes that the employer acted in "good faith" and had "reasonable grounds" to believe that its actions complied with the FLSA. *Singer*, 324 F.3d at 822-23 (citing 29 U.S.C. § 260). Thus, although the determination of willfulness is an issue of fact for the jury, the

2

determination of good faith for purposes of establishing liquidated damages is a question of law for the court to decide at its discretion. 29 U.S.C. § 260.

Under the FLSA, a violation is "willful" if the employer either "'knew or showed reckless disregard for … whether its conduct was prohibited by statute.'" *Reich v. Bay, Inc.* 23 F.3d 110, 117 (5th Cir. 1994) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)). The Fifth Circuit has held that where a jury finds that a defendant's actions are willful, a defendant cannot show that it acted in good faith. *Singer*, 324 F.3d at 823 (quoting *Bernard*, 154 F.3d at 267). "We have held that an employer faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." *Id*. This burden is unmet where the factfinder determines the employer willfully violated overtime provisions. *See id*.; *see also Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999) ("Because employers cannot act in good faith based on reasonable grounds when they suspect that they are out of compliance with the FLSA, it would have been an abuse of discretion if the district court had *not* awarded liquidated damages.") (emphasis in original).

Plaintiffs argue that because the jury found Defendants acted willfully, they are entitled to liquidated damages in an equal amount to correspond to their overtime, minimum wage, and retaliation losses. (Rec. Doc. No. 235-1, p. 4). Plaintiffs further argue that even if the jury had not already determined that Defendants acted willfully, "the evidence and testimony elicited at trial show that Defendants knowingly and intentionally misclassified Direct Service Workers as contractors rather than employees to avoid paying them overtime and that they deliberately and

3

willfully failed to pay them minimum wage for training time." *Id*. Plaintiffs point to the jury's decision to award Stacey Badon damages going back three years, an award that is only available where the jury finds a willful violation. *See* 29 U.S.C. § 255(a) ("[I]f the cause of action accrues on or after May 14, 1947 – may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, ***except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued***.") (emphasis added).

Defendants argue that Plaintiffs must prove that the Defendants actions were willful violations, and that Plaintiffs did not do so. (Rec. Doc. No. 240-1, p, 10). Without further argument, Defendants contend Plaintiffs are not entitled to liquidated damages. *Id*.

"[T]he defendant has the burden of proving good faith and reasonable grounds in the liquidated damages context." *Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903, 295 (E.D. La. 2009) (citing *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 227 (5th Cir. 1991)). As noted, the Fifth Circuit has emphasized the "substantial burden" an employer faces in demonstrating good faith and a reasonable belief that its actions did not violate the FLSA. *Singer*, 324 F.3d at 823. Here, the jury found that Defendants acted willfully in failing to pay overtime and awarded Stacey Badon her unpaid overtime going back three years, with the other Plaintiffs being awarded unpaid wages going back two years, as that is all they sought. (Rec. Doc. No. 228). Accordingly, the jury has found, at least in part, that Defendants acted willfully. Moreover, as Plaintiffs note, the evidence at trial shows that Defendants misclassified Direct Service Workers as contractors rather

4

than employees to avoid paying overtime and failed to pay minimum wage for training time. (Rec. Doc. No. 235-1, p. 4). Furthermore, Defendants have failed to put forth any argument or evidence to meet the burden of proving good faith by providing essentially no argument to this Court to support such a finding. (*See* Rec. Doc. No. 240-1, p. 10). Accordingly, because the jury has determined that Defendants acted willfully at least in part, as well as that other Direct Service Workers were similarly misclassified, this Court finds the evidence in the record supports an award of liquidated damages.

Plaintiffs have provided a table showing the jury awards relevant to overtime, failure to pay minimum wage, and retaliation, with their corresponding liquidated damages:

| Claimant | Overtime Award | Minimum Wage | Retaliation | **Liquidated Damages** |
|---|---|---|---|---|
| Anthony Badon | $16.00 | $0.00 | $0.00 | **$16.00** |
| Stacey Badon | $1,408.00 | $0.00 | $0.00 | **$1,408.00** |
| Francine Dixon | $116.00 | $33.60 | $30,000.00 | **$30,149.60** |
| Altravese Gardner | $0.00 | $116.00 | $0.00 | **$116.00** |
| Treonda Irvin | $0.00 | $116.00 | $0.00 | **$116.00** |
| Dereinisha Johnson | $0.00 | $116.00 | $0.00 | **$116.00** |
| Rena Lyons | $0.00 | $116.00 | $0.00 | **$116.00** |
| Francis Pessoa | $0.00 | $116.00 | $0.00 | **$116.00** |
| Gloria Williams | $0.00 | $116.00 | $0.00 | **$116.00** |

(Rec. Doc. No. 235-1, pp. 4-5). As discussed in detail above, Plaintiffs are entitled to liquidated damages in the amounts outlined in the table.

### III. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Award Liquidated Damages (Rec. Doc. No. 235)** be **GRANTED** as provided in the table above.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 17th day of November, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**