UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STACEY BADON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12317**<br>**c/w 20-584 and 21-596** |
| **BERRY'S RELIABLE RESOURCES, LLC, ET AL.** | **SECTION: D (3)** |

### ORDER & REASONS

Before the Court is a Motion to Set Attorneys' Fees and Costs,[1] a Motion to Award Liquidated Damages,[2] a Motion to Strike Defendants' Objections to Magistrate's Order Awarding Liquidated Damages,[3] and a Motion to Strike Defendants' Objections to Magistrate's Order Awarding Attorneys [sic] Fees and Costs,[4] all filed by the Plaintiffs.[5] The assigned United States Magistrate Judge has issued two Reports and Recommendations recommending that this Court grant Plaintiffs' Motion to Set Attorneys' Fees and Costs and Motion to Award Liquidated Damages.[6] Defendants[7] have filed Objections to the Magistrate Judge's Reports and Recommendations.[8]

After careful consideration of the pleadings and the applicable law, the Report and Recommendations are **ADOPTED** for the reasons set forth herein. Accordingly,

---

[1] R. Doc. 236.
[2] R. Doc. 235.
[3] R. Doc. 255.
[4] R. Doc. 256.
[5] The Plaintiffs are Stacey Badon, Altravese Gardner, Dereinisha Johnson, Gloria Williams, Sheneatha Baptiste, Treonda Irvin, Francis Pessoa, Francine Dixon, Rena Lyons, and Anthony Badon.
[6] R. Doc. 249 (Attorneys' Fees and Costs); R. Doc. 250 (Liquidated Damages).
[7] The Defendants are Berry's Reliable Resources, LLC, Rhonda Williams, Tyese Berry, and Raeon Williams.
[8] R. Doc. 251 (Attorneys' Fees and Costs); R. Doc. 252 (Liquidated Damages).

the Motion to Set Attorneys' Fees and Costs and Motion to Award Liquidated Damages are **GRANTED**. Further, the two Motions to Strike are **DENIED**.

## I. FACTUAL & PROCEDURAL BACKGROUND

This case involved a wage dispute. On August 27, 2019, Plaintiff Stacy Badon filed a Complaint alleging she had been underpaid under the Fair Labor Standards Act ("FLSA").[9] According to the Complaint, Badon began working for Defendant Berry's Reliable Resources ("Berry's") as a home health direct care worker in 2016.[10] Plaintiff alleged that she worked fifty-six hours per week performing services for Defendants' clients but was never paid overtime for the hours she worked in excess of forty hours per week.[11] Badon's Complaint alleged a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who worked for Defendants since August 2016 and were not paid overtime.[12]

Ultimately, this case was consolidated with two other cases, all asserting claims against Defendants for unpaid wages pursuant to the FLSA and claims under Louisiana's Final Wage Payment Act ("LWPA").[13] Plaintiffs alleged that Defendants improperly deducted costs for workers compensation and failed to repay Plaintiffs after their termination.[14] Plaintiffs Anthony Badon and Francine Dixon additionally

---

[9] R. Doc. 1.
[10] *Id.* at ¶ 31.
[11] *Id.* at ¶¶ 34–35.
[12] *Id.* at ¶¶ 22–30.
[13] The two cases consolidated with this case are *Badon v. Berry's Reliable Res., LLC*, No. 20-cv-584, and *Dixon v. Berry's Reliable Res., LLC*, No. 21-cv-596. *See* R. Doc. 47; R. Doc. 162.
[14] *See* R. Doc. 1 at pp. 8–9; No. 20-584, R. Doc. 5 at pp. 6–7; No. 21-596, R. Doc. 31 at pp. 7–8.

asserted claims against Defendants for retaliation based on their efforts to assert their rights under the FLSA.[15]

On August 15, 2022, the case went to trial before a jury.[16] The jury returned a verdict in favor of Plaintiffs on all claims except for Anthony Badon's retaliation claim.[17]

Plaintiffs filed the instant Motion to Set Attorneys' Fees and Costs and Motion to Award Liquidated Damages on September 19, 2022.[18] Plaintiffs seek to recover $234,885.00 in attorney's fees incurred by their counsel, Jody Forester Jackson and Mary Bubbett Jackson, and $7,102.32 in costs, for a total of $241,987.32.[19] Plaintiffs also seek to recover liquidated damages based on the jury's finding of a willful violation of the Fair Labor Standards Act by the Defendants.[20] The Court referred the Motion to Set Attorneys' Fees and Costs and the Motion to Award Liquidated Damages to the assigned United States Magistrate Judge for hearing and submission of a Report and Recommendation.[21] On November 17, 2022, the assigned Magistrate Judge issued two Reports and Recommendations, recommending that the Motions be granted and that the Defendants be ordered to pay $181,062.00 in attorney's fees and $7,102.32 in costs, as well as liquidated damages.[22] Thereafter, Defendants filed

---

[15] *See* No. 20-584, R. Doc. 5 at pp. 5–6; No. 21-596, R. Doc. 31 at pp. 8–9.
[16] *See* R. Doc. 224.
[17] *See* R. Doc. 226; R. Doc. 229.
[18] R. Doc. 235; R. Doc. 236.
[19] R. Doc. 236-1 at p. 7.
[20] R. Doc. 235-1 at p. 4.
[21] R. Doc. 241.
[22] R. Doc. 249; R. Doc. 250.

Objections to the Magistrate Judge's Reports and Recommendations.[23] Plaintiffs then filed Motions to Strike Defendant's Objections.[24]

## II. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(B), the district court may refer dispositive matters to a magistrate judge, who then issues a report and recommendations.[25] Pursuant to Federal Rule of Civil Procedure 54(d)(2)(D), a district court may refer a motion for attorney's fees to a magistrate judge "as if it were a dispositive pretrial matter."[26] The district court must review *de novo* those portions of the report and recommendations to which a specific objection is made.[27] The Court reviews all other portions of the report and recommendations for plain error.[28]

## III. ANALYSIS

### A. Attorneys' Fees & Costs

Defendants' objections to the R&R largely rehash the arguments they already made before the Magistrate Judge, and which were considered by the Magistrate Judge. Indeed, much of Defendants' arguments-couched-as-objections are word-for-word the same as their briefing in opposition to the Motions. The Court has expended significant time doing a side-by-side comparison of Defendants' Memorandum in Opposition to Plaintiffs' Motion for Attorneys' Fees, Costs and Liquidated Damages[29]

---

[23] R. Doc. 251; R. Doc. 252.
[24] R. Doc. 255; R. Doc. 256.
[25] 28 U.S.C. § 636(b)(1)(C).
[26] Fed. R. Civ. P. 54(d)(2)(D).
[27] 28 U.S.C. § 636(b)(1).
[28] *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); Fed. R. Civ. P. 72(b) (Advisory Committee Notes, 1983 Addition); 28 U.S.C. § 636(b)(1)(A).
[29] R. Doc. 240-1.

with Defendants' Memorandum in Support of Defendants' Objection to Magistrate's Order No. 249[30] and has determined that, other than the Introductory paragraph and concluding paragraph entitled "Liquidated Damages," the memoranda are close to identical. There is not one sentence which raises any objection to the Magistrate Judge's analysis or calculations. As stated by the Magistrate Judge in her Report and Recommendations, any objections to the Report must be specific.[31] Generalized, non-specific objections which fail to point to any supposed error in a magistrate judge's report do not trigger *de novo* review as the district court "should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report."[32] Defendants do not respond to any of the findings of the Magistrate Judge and, thus, have provided no *specific* objections to any portion of the Magistrate Judge's Report. Accordingly, the Court reviews for plain error.

### i.     **Hourly Fee**

As mentioned, Defendants have provided only generic arguments—all previously raised in Defendants' Memorandum in Opposition to Plaintiffs' Motion for

---

[30] R. Doc. 251-1.
[31] *See* R. Doc. 249 at p. 15; *see also* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to.").
[32] *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988); *accord id.* ("The point of making objections is to tell the district judge—who, under § 636(b)(1) must make the final decision and enter judgment—what issues the parties actually dispute. Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review."); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) ([T]he district court may . . . properly dispose of the matter . . . by stating that the objections do not address a particular proposed finding or conclusion, but that even if they did, that finding or conclusion is proper[.]"); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) ("We are satisfied that providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process.").

Attorneys' Fees, Costs and Liquidated Damages—none of which address any portion of the Magistrate Judge's Report and Recommendations. By way of example, Defendants' objections state that Plaintiffs have failed to provide sufficient documentation to establish an hourly fee of $350 and that "counsels' suggested rates blow through the high end of the apparent scale in this circuit and should be reduced."[33]

What the Defendants ignore, however, is that the Magistrate Judge already considered and, in fact, concurred with Defendants' assertions, reducing Plaintiffs' hourly fee from $350 to $300.[34] Defendants have failed to make any specific objection as to why $300 is an inappropriate fee given the work involved and the level of experience of Plaintiffs' counsel. Indeed, Defendants do not even acknowledge that the Magistrate Judge recommended reducing Plaintiffs' hourly fee to $300. Defendants' copy-and-paste approach with no reference whatsoever to any portion of the Magistrate Judge's Report regarding the hourly fee assessment does not warrant *de novo* review.[35] Defendants must actually object to the Magistrate Judge's findings to trigger *de novo* review and not merely respond to the arguments raised by Plaintiffs in their Motion.[36] Moreover, the Court finds no error in the Magistrate Judge's

---

[33] R. Doc. 251-1 at p. 5; *see also* R. Doc. 240-1 at p. 6 (Defendants' response in opposition to Plaintiffs' Motion to Set Attorneys' Fees and Costs).

[34] *See* R. Doc. 249 at p. 6 ("The Court agrees that Plaintiffs' proposed rate should be reduced and awards Plaintiffs a reasonable hourly rate of $300."). Further, the Magistrate Judge even quoted Defendants' argument, repeated here in their Objection, that "counsels' suggested rates blow through the high end of the apparent scale in this circuit and should be reduced." *Id*.

[35] The Court is unable to discern any differences between what Defendants have argued here and what Defendants argued in their opposition to Plaintiffs' Motion. *See* R. Doc. 240-1 at pp. 3–6. Certainly, there is no acknowledgement of any of the findings of the Magistrate Judge.

[36] As clearly indicated by 28 U.S.C. § 636(b)(1), objections are made to a magistrate judge's report and recommendations and *not* to an opposing party's motion. *See* 28 U.S.C. § 636(b)(1) ("[A]ny party may

reduction of the hourly fee from $350 to $300. As the Magistrate Judge explained, $300 per hour is in line with fees awarded in other cases with comparable facts and complexity and, indeed, was the hourly fee awarded to Plaintiffs' counsel at an earlier stage in this case.[37] Accordingly, the Court adopts the findings of the Magistrate Judge as it pertains to the appropriate hourly fee of Plaintiffs' counsel.

### ii.     Total Hours Expended

Similarly, Defendants' boilerplate objections to the calculation of hours worked makes no mention whatsoever of the Magistrate Judge's Report nor does it acknowledge that the Magistrate Judge agreed with Defendants' arguments and reduced the total number of Plaintiffs' claimed hours by ten percent.[38] Indeed, while the Magistrate Judge found that the appropriate number of billable hours expended by Plaintiffs' counsel was 603.54,[39] Defendants cite to the number originally claimed by Plaintiffs' counsel—670.60—arguing that such number should be reduced because there "is no discussion, however, of the exercise of billing judgment with respect to the time submitted." [40] Again, Defendants ignore the actual findings of the Magistrate Judge and provide only an objection to the figures initially sought by Plaintiffs. Because Defendants' Objection does not pertain to anything actually

---

serve and file written objections to *such proposed findings and recommendations* as provided by rules of court.").
[37] *See* R. Doc. 249 at pp. 6–7; R. Doc. 60 (setting attorneys' fees at $300 for Plaintiffs' counsel).
[38] *See* R. Doc. 249 at p. 10.
[39] *See id.*
[40] R. Doc. 250-1 at p. 8. Again, the entirety of this section of Defendants' Objection is word-for-word identical to their response to Plaintiffs' Motion and makes no reference to the Magistrate Judge's Report.

contained within the Magistrate Judge's Report regarding the hours expended, the Court again declines to conduct *de novo* review of this portion of the record.

Further, the Court finds no error in the Magistrate Judge's calculation of the billable hours expended by counsel for Plaintiffs.  The Magistrate Judge carefully evaluated the time sheets for Plaintiffs' counsel and thoroughly stated her rationale for reducing the claimed number of hours by ten percent, explaining that the "Court has identified a number of entries that are administrative in nature[,]" such as "Download termination records," "Request expedited deposition transcript," and "Obtain and drop trial supplies at courthouse." [41]  The Court concurs with the Magistrate Judge that the identified entries, as well as several others, are administrative or clerical in nature and must be removed from the billing sheets.  "It is well established that 'when an attorney performs a task that could be handled by clerical staff, the opponent should not be charged the attorney's hourly rate.'"[42]  There was no error here and the Court adopts the Magistrate Judge's findings.

### iii. *Johnson* Factors

Finally, Defendants repeat their same arguments as to why the *Johnson* factors necessitate a downward reduction of the lodestar calculation.[43] Defendants

---

[41] *See* R. Doc. 249 at pp. 9–10.
[42] *Rodney v. Elliott Sec. Sols., LLC*, No. CV 19-11890, 2020 WL 4756490, at *10 (E.D. La. July 30, 2020) (quoting *Kuperman v. ICF Int'l*, No. CV 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009)), *report and recommendation adopted*, No. CV 19-11890, 2020 WL 4747666 (E.D. La. Aug. 17, 2020), *aff'd sub nom. Rodney v. Elliott Sec. Sols., L.L.C.*, 853 Fed. Appx. 922 (5th Cir. 2021).
[43] *See* R. Doc. 251-1 at pp. 5–7. The *Johnson* factors are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6)

contend that the attorneys' fees should be reduced because an "extraordinary amount of time should not have been required in this case . . . [as] this matter certainly did not involve any complex legal issue"[44] and because of the relatively low amount of damages awarded to Plaintiffs, as compared to the attorneys' fees.[45] The Magistrate Judge considered and rejected Defendants' arguments, finding that no adjustment to the lodestar calculation was warranted.[46] The Magistrate Judge found no "merit in Defendants' argument that the fee should be reduced based on Plaintiffs' experience engaging in FLSA litigation across the country[,]" nor did the Magistrate Judge "find that a decrease is necessary based on the results obtained."[47] Even if the Court were to review the Magistrate Judge's legal conclusions *de novo*, the Court concurs with the Magistrate Judge's determination that no adjustment to the lodestar calculation is warranted here.

There is a strong presumption that the lodestar amount represents a reasonable fee.[48] However, the lodestar amount "may be adjusted where it 'does not adequately take into account a factor that may be properly considered in determining

---

whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).
[44] R. Doc. 251-1 at p. 6.
[45] Defendants incorrectly state that Plaintiffs collectively received only $32,269.60 in damages. On the contrary, Plaintiffs collectively received $90,431.31 in damages, not including liquidated damages.
[46] *See* R. Doc. 249 at p. 12.
[47] *Id.*
[48] *See Combs v. City of Huntington*, 829 F.3d 388, 395 (5th Cir. 2016) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)).

a reasonable fee.'"49  "A plaintiff's limited success is just such a factor."50  However, as the Fifth Circuit has explained, "while a low damages award is one factor which a district court may consider in setting the amount of attorney's fees, this factor *alone* should not lead the district court to reduce a fee award."51  Further, "there is no *per se* proportionality rule" governing a reasonable fee award in relation to the amount of damages awarded.52

One of the grounds for downward adjustment proffered by Defendants—complexity (or lack thereof) of the case—is, as the Supreme Court has explained, "presumably fully reflected in the lodestar amount,"53 and thus should not be double-counted in determining the fee award.  The Magistrate Judge already considered the reasonableness of the claimed number of hours expended by Plaintiffs' counsel and appropriately reduced that number.  Not only does the Court not find any error with the Magistrate Judge's recommended reduction, the Court's own analysis of the record comports with that recommendation.

As for Defendants' argument that the relatively limited amount of damages in this matter make the proposed fee award excessive, the Court recognizes that there may be some reasonableness to this argument.  The Magistrate Judge's recommended

---

49 *Id.* at 394 (quoting *Perdue*, 559 U.S. at 554).
50 *Id.*
51 *Singer v. City of Waco*, 324 F.3d 813, 830 (5th Cir. 2003) (quoting *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000)); *accord Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 257–58 (5th Cir. 2018); *Cobb v. Miller*, 818 F.2d 1227, 1235 (5th Cir. 1987) ("In the absence of other *Johnson* factors justifying a reduction in a fee award, a district court should not reduce the fee award solely because of a low damages award.").
52 *Gurule*, 912 F.3d at 259 (quoting *Combs*, 829 F.3d at 396).
53 *Pennsylvania v. De. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (citing *Blum v. Stenson*, 465 U.S. 886, 898–900 (1984)), *supplemented*, 483 U.S. 711 (1987).

award of $181,062 in attorneys' fees is roughly double the amount of damages awarded to Plaintiffs.[54] However, as noted above, while "proportionality is an appropriate consideration"[55] in assessing fee awards, the Fifth Circuit "ha[s] consistently emphasized that 'there is no *per se* requirement of proportionality in an award of attorney fees.'"[56] Moreover, the Court notes that a fee award twice that of the amount of damages obtained pales in comparison to ratios that the Fifth Circuit has found to necessitate a downward adjustment.[57] Further, as the Magistrate Judge noted, Plaintiffs prevailed on twenty of their twenty-one claims.[58] This is not a case where the Plaintiffs achieved only limited success on their claims. The relatively low amount of damages awarded to most Plaintiffs reflect the limited nature, not the intrinsic merit, of their claims. Additionally, given the lack of other *Johnson* factors pointing toward a reduction in the fee award, the Court is cognizant of precedent suggesting that reducing a fee award based on an award of low damages alone is inappropriate.[59]

Finally, the Court would be remiss not to point out that the reason, in part, for the size of the fee award here is due to the frivolous and often wasteful actions taken by counsel for Defendants throughout the course of this litigation. Defendants, for

---

[54] Plaintiffs collectively received $90,431.31 in damages, not including liquidated damages. *See* R. Doc. 242.
[55] *Gurule*, 912 F.3d at 259 (quoting *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 802 & n.42 (5th Cir. 2006)).
[56] *Id.* (quoting *Combs*, 829 F.3d at 396).
[57] *See, e.g.*, *Migis*, 135 F.3d at 1048 (reversing an award of attorney's fees where the resultant fee was six and one-half times the amount of damages awarded).
[58] *See* R. Doc. 249 at p. 12.
[59] *See, e.g.*, *Gurule*, 912 F.3d at 257–58 (quoting *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013)).

instance, filed several legally baseless and inappropriate interlocutory appeals of Orders of this Court, completely ignoring the relevant statutory language governing appeals of interlocutory orders, 28 U.S.C. § 1291.[60] Defendants cannot now complain of the number of hours expended by Plaintiffs' counsel—and the resulting fee amount—in having to respond to Defendants' frivolous filings.[61]

In sum, the Court finds that no modification to the lodestar amount is warranted here and that the Magistrate Judge's Report in this regard should be adopted in full. Defendants shall pay to Plaintiffs attorneys' fees in the amount of $181,062.00, representing 603.54 hours worked at an hourly rate of $300 per hour.

### iv.   Costs

Defendants provide no objections to the Magistrate Judge's finding that Plaintiffs should be awarded costs in the amount of $7,102.32.[62] The Court notes that Fed. R. Civ. P. 54(d)(1) provides that "costs . . . should be allowed to the prevailing party."[63] Accordingly, because Plaintiffs are the prevailing party here, they are entitled to their reasonable costs incurred during the course of this litigation. The Magistrate Judge reviewed the thirty-four pages of cost invoices provided by the Plaintiffs and found that the record supported awarding $7,102.32 in costs to

---

[60] *See, e.g.*, R. Doc. 133 (interlocutory appeal of Order denying motion to review Magistrate Judge's order); R. Doc. 134 (interlocutory appeal of Order denying motion to decertify collective action); R. Doc. 143 (interlocutory appeal of Order denying motion to continue discovery deadline).

[61] *See Gurule*, 912 F.3d at 262–63 (Ho, J., concurring) ("The overarching question that courts should ask in such circumstances is whether the attorney expended the time in a good faith pursuit of value for the client—or was instead engaged in churning attorney fees."). Nothing in the record suggests that counsel for Plaintiffs engaged in any bad faith or wasteful conduct in this matter.

[62] *See* R. Doc. 249 at pp. 13–14.

[63] Fed. R. Civ. P. 54(d)(1).

Plaintiffs.[64] The Court finds no error in the Magistrate's review of the record and award of costs. As such, the Court adopts the Magistrate Judge's award of $7,102.32 in costs to Plaintiffs.

### B.    Liquidated Damages

Defendants' Objections to the Magistrate Judge's Report and Recommendations regarding the Motion to Award Liquidated Damages suffer many of the same flaws as their Objections to the Motion for Attorneys' Fees and Costs. The Objections largely repeat the same arguments initially raised before the Magistrate Judge and do not address any portion of the Magistrate Judge's Report in any way. Instead, Defendants repeatedly refer to their Objections as a motion for summary judgment.[65] It appears to the Court that Defendants have copied-and-pasted parts and portions of their Motion for Summary Judgment, initially filed on March 26, 2021,[66] that this Court denied more than a year ago.[67] Insofar as Defendants seek to relitigate the issues already ruled on by the Court, doing so under the guise of Objections to the Magistrate's Report and Recommendation awarding liquidated damages to Plaintiffs is unwarranted and inappropriate. For example, Defendants take issue with this Court's prior ruling finding that the Direct Care Workers were properly classified as employees of Defendants rather than as

---

[64] *See* R. Doc. 249 at pp. 13–14.
[65] *See, e.g.*, R. Doc. 252-1 at p. 2 ("There is no genuine issue of material fact as to the filing of the Plaintiff's complaint. That evidence is, on its own, sufficient grounds for granting this motion for summary judgment.").
[66] *See* R. Doc. 119 at pp. 6–8.
[67] *See* R. Doc. 157.

independent contractors.[68] Defendants cannot relitigate interlocutory orders at this stage nor can they object to the Magistrate Judge's Report on the grounds that the Magistrate Judge relied upon an Order of this Court that Defendants disagree with. Because all of Defendants' alleged objections to the Magistrate Judge's Report are actually objections to various rulings and orders of this Court, the Court finds that Defendants have failed to provide specific objections to any portion of the Magistrate's Report. Accordingly, the Court examines the Magistrate Judge's Report regarding liquidated damages for plain error.

Having reviewed the Report of the Magistrate Judge as well as the applicable law, the Court finds that the Magistrate Judge correctly applied the law, and that Plaintiffs are entitled to liquidated damages in the amounts set forth in the Report and Recommendation. Under the FLSA, an employer who violates the overtime provisions is liable for an employee's "unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."[69] Further, an employer who violates the provisions of 29 U.S.C. § 215(a)(3) regarding retaliation, "shall be liable for such legal or equitable relief . . . including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."[70]

A district court can decline to award liquidated damages if the court finds that the employer acted in "good faith" and had "reasonable grounds" to believe that it

---

[68] R. Doc. 252-1 at pp. 2–4.
[69] 29 U.S.C. § 216(b).
[70] *Id.*

acted in compliance with the FLSA. An employer "faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA."[71] A defendant cannot show that it acted in good faith where a jury finds that a defendant's violation of the FLSA was willful.[72]

Here, the jury did not make an explicit finding that the actions of Defendants were willful as to each Plaintiff.[73] Rather, the jury only found willfulness as to Stacy Badon's overtime claim and Francine Dixon's retaliation claim.[74] However, as the Magistrate Judge noted, the evidence at trial showed that "Defendants misclassified Direct Service Workers as contractors rather than employees to avoid paying overtime and failed to pay minimum wage for training time."[75] Specifically, the Court points to the testimony of Ms. Raeon Williams, Berry's Director of Human Resources and corporate representative, who testified that it was Berry's policy not to pay overtime to its direct service worker employees.[76] Ms. Williams further testified that it was Berry's policy not to pay employees for training time since the workers are not really working but simply "going over the policies and procedures" and because "no DSW agency pays for training."[77] Additionally, the Court points out that Plaintiffs introduced evidence at trial, including a recorded conversation, that corroborated one

---

[71] *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003) (quoting *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998)).
[72] *Id.*
[73] The Court notes that the jury found that Defendants acted in bad faith in regard to each Plaintiffs' LWPA claim.
[74] *See* R. Doc. 229-1 at p. 2; R. Doc. 229-2 at pp. 5–6.
[75] R. Doc. 250 at pp. 4–5.
[76] *See* Draft Trial Transcript, Testimony of Raeon Williams, August 15, 2022.
[77] *Id.*

Plaintiff's testimony that the Defendants advised her that they would pay her overtime, but that, in turn, the Plaintiff then had to return the money to the Defendants.[78] The evidence also indicated that Defendants advised the Plaintiff that her client consumers would be terminated from the agency if the Plaintiff did not repay the overtime pay.[79] The recorded conversation between Defendant and the Plaintiff also included that Berry's had demanded the same from other workers.[80] Given this, along with the jury's finding of willfulness as to some plaintiffs,[81] and the other evidence introduced at trial, the Court does not find that Defendants have met their "substantial burden" in demonstrating that they acted in good faith. Accordingly, the Court adopts the findings of the Magistrate Judge and awards Plaintiffs appropriate liquidated damages as set out in the Report and Recommendations.[82]

## C. Motions to Strike

Plaintiffs filed Motions to Strike Defendants' Objections to the Magistrate's Report and Recommendations, arguing that because the Defendants failed to set their Objections for a hearing as required under Local Rule 72.2, the Objections have "not been properly placed before the Court."[83] The Court disagrees. Local Rule 72.2, concerning the review of magistrate judges' orders, refers to a "motion to review a magistrate judge's order" and, separately, to an

---

[78] *See* Draft Trial Transcript, Testimony of Francine Dixon, August 16, 2022.
[79] *Id.*
[80] *Id.*
[81] To be sure, the Court recognizes that the jury was not explicitly asked to find willfulness on the part of Defendants as to most of the Plaintiffs' claims here.
[82] R. Doc. 250 at p. 5.
[83] R. Doc. 255 at p. 1; R. Doc. 256 at p. 1.

"objection to the proposed findings and recommendation of a magistrate judge."[84] Those are two distinct filings that a party may submit to the court depending on the nature of the magistrate judge's ruling, *i.e.,* whether the magistrate judge issued an order on a non-dispositive motion pursuant to 28 U.S.C. § 636(b)(1)(A) or a proposed finding of fact and recommendation on a dispositive motion pursuant to 28 U.S.C. § 636(b)(1)(B). A party files a motion to review the former and objections to the latter. Contrary to Plaintiffs' contention, the rules do not state that an objection to a magistrate judge's report and recommendation be noticed for submission. Rather, only the motion to review a magistrate judge's order "must be noticed for submission to the district judge in the manner provided in these rules for motions."[85] Accordingly, the Court finds no basis to strike Defendants' Objections from the record for not setting a hearing for the Objections and therefore denies Plaintiffs' Motions.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Set Attorneys' Fees and Costs [86] is **GRANTED as modified**. Defendants are ordered to pay Plaintiffs attorneys' fees in the amount of **$181,062.00** and costs in the amount of **$7,102.32**, for a total of **$188,164.32**.

---

[84] *See* E.D. La. Civ. R. 72.2.
[85] *Id.*
[86] R. Doc. 236.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Award Liquidated Damages[87] is **GRANTED**. Defendants shall pay Plaintiffs liquidated damages in the amounts specified in the Magistrate Judge's Report and Recommendations.[88]

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendants' Objections to Magistrate's Order Awarding Liquidated Damages[89] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendants' Objections to Magistrate's Order Awarding Attorneys [sic] Fees and Costs[90] is **DENIED**.

New Orleans, Louisiana, January 25, 2023.

*[signature]*
**WENDY B. VITTER**
**United States District Judge**

---

[87] R. Doc. 235.
[88] *See* R. Doc. 250 at p. 5.
[89] R. Doc. 255.
[90] R. Doc. 256.